**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Stephan A. Drake,<br><br>    Plaintiff,<br><br>vs.<br><br>United States of America,<br><br>    Defendant. | No. CV-10-08153-PCT-FJM<br><br>**ORDER** |

    The court has before it defendant's motion to dismiss (docs. 13 and 14), plaintiff's response (docs. 18, 19), and defendant's reply (doc. 20).

    Plaintiff filed this action seeking recovery of penalties and interest assessed and collected against him. Pursuant to 26 U.S.C. § 6700, defendant assessed penalties against plaintiff for promoting an abusive tax shelter for the years 2003, 2004, and 2005. On November 21, 2007 plaintiff timely filed a claim for refund. On May 16, 2008, the IRS mailed its notices of disallowance to plaintiff.[1] On June 29, 2009, defendant denied plaintiff's claim for refund. Finally on August 17, 2010, plaintiff filed this action.

---

[1] Although plaintiff does not include or reference the notices of disallowance in his complaint, defendant included them as exhibits in its Motion to Dismiss. In a Rule 12(b)(1), Fed. R. Civ. P. motion we may properly consider affidavits or other evidence before the court to assess the complaint. See St. Clair v. City of Chico, 880 F.2d 199, 201-202 (9th Cir. 1989).

Defendant filed a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction because plaintiff failed to file this action within the applicable statute of limitations. Under 26 U.S.C. § 6532(a)(1), no taxpayer may seek a refund in the district court more than two years after the IRS mails a notice of disallowance by certified or registered mail. Defendant argues that § 6532(a)(1) is a waiver of sovereign immunity, and therefore plaintiff's untimely filing deprives this court of subject matter jurisdiction. Plaintiff argues only that the two year time period began to run not on May 16, 2008, the date notices of disallowance were mailed, but on June 29, 2009, the day the IRS denied his appeal. Plaintiff cites no supporting authority, but relies exclusively on the fact that the official IRS transcript does not reflect the May mailing date and therefore it should not apply to him.

We agree with defendant that plaintiff's action is untimely. Section 6532(a)(1) must be construed strictly in favor of the government. See Tosello v. United States, 210 F.3d 1125, 1127 (9th Cir. 2000) (citing Badaracco v. Comm'r., 464 U.S. 386, 398, 104 S.Ct. 756, 764 (1984). Both the Ninth Circuit and this court have denied relief in similar cases involving a failure to comply with § 6532. See Tosello, 210 F.3d at 1128; Garrett v. United States I.R.S., 8 Fed. Appx. 679 (9th Cir. 2001); Haze v. United States, No. Civ. 02-0742, 2002 WL 31662641 (D. Ariz. Sept. 30, 2002). Furthermore, § 6532(a)(4) specifically provides that any "consideration, reconsideration, or action by the Secretary with respect to such claim following the mailing of a notice by certified mail or registered mail of disallowance shall not operate to extend the period within which suit may be begun." Thus, plaintiff's appeal did not operate to extend the two-year statute of limitations.

We do not, however, hold that a failure to comply with § 6532 deprives this court of subject matter jurisdiction. Jurisdiction "is a word of many, too many meanings," which has tempted courts to engage in "less than meticulous" use of the term. See Kontrick v. Ryan, 540 U.S. 443, 454, 124 S.Ct. 906, 915 (2004). In recent years the United States Supreme Court has narrowed the term "jurisdictional," stating that it properly applies "only to prescriptions delineating the classes of cases (subject-matter jurisdiction) and the persons

1  (personal jurisdiction) implicating that jurisdiction." Reed Elsevier, Inc. v. Muchnick,
2  __U.S.__, __, 130 S.Ct. 1237, 1243 (2010) (internal citations omitted). The "jurisdictional
3  analysis must focus on the 'legal character' of the requirement . . . by looking to the
4  condition's text, context, and relevant historical treatment." Id. at 1246. Although in Dalm
5  v. United States, 494 U.S. 596, 601, 110 S.Ct. 1361, 1364 (1990), the Court held that a
6  failure to comply with 26 U.S.C. § 6511, a similar statute of limitations applicable to tax
7  refunds, deprived the court of subject matter jurisdiction, that case did not address § 6532 and
8  predated a string of recent cases criticizing earlier overuse of the term "jurisdictional." See
9  Henderson v. Shinseki, 526 U.S. __, __, No. 09-1036, *12 (2011) (holding that the deadline
10 for filing a notice of appeal with the Veterans Court "does not have jurisdictional attributes");
11 Reed, 130 S.Ct. at 1247 (holding that the Copyright Act's registration requirement is only a
12 precondition to filing not a jurisdictional requirement); Day v. McDonough, 547 U.S. 198,
13 205, 126 S.Ct. 1675, 1681 (2006) (stating that a statute of limitations defense is not
14 jurisdictional); Arbaugh v. Y & H Corp., 546 U.S. 500, 516, 126 S.Ct. 1235, 1245 (2006)
15 (holding that Title VII's numerosity requirement is an element of the claim, not
16 jurisdictional); Eberhart v. United States, 546 U.S. 12, 16, 126 S.Ct. 403, 405 (2005) (per
17 curiam) (finding that Rules 33, 45, Fed. R. Crim. P. were not jurisdictional); Scarborough v.
18 Principi, 541 U.S. 401, 413, 124 S.Ct. 1856, 1864 (2004) (stating that 28 U.S.C. §
19 2412(d)(1)(b)'s thirty day deadline for attorney fee applications is not properly called
20 "jurisdictional"); and Kontrick, 540 U.S. at 453-54, 124 S.Ct. at 914 (holding that a federal
21 bankruptcy procedural rule does not "create or withdraw federal jurisdiction"); but see
22 Bowles v. Russell, 551 U.S. 205, 209, 127 S.Ct. 2360, 2363 (2007) (holding that Rule 4(a),
23 Fed. R. App. P.'s thirty day time limit for filing a civil appeal is "mandatory and
24 jurisdictional").

25      We need not decide whether § 6532 is mandatory and jurisdictional, or whether it is
26 merely a claim processing rule. Plaintiff has not raised the issue and defendant timely
27 asserted in a Rule 12(b) motion a statute of limitations affirmative defense. See John R. Sand
28 & Gravel Co. v. United States, 552 U.S. 130, 133, 128 S.Ct. 750, 753 (2008) (discussing the

1  difference between normal statutes of limitation that are subject to the rules of forfeiture and
2  waiver versus more absolute, possibly jurisdictional statutes of limitations).[2]  Therefore, we
3  may properly dismiss the claim on unenumerated Rule 12(b) grounds.

4        Plaintiff seems to implicitly argue that the two-year statute should be equitably tolled
5  because he misinterpreted the data set forth in the IRS transcripts of account.  We find no
6  authority to apply equitable tolling to this statute and decline to do so when plaintiff does not
7  expressly raise it.  In United States v. Brockamp, 519 U.S. 347, 354, 117 S.Ct. 849, 853
8  (1997) the Court held that equitable tolling did not apply to § 6511 because "tax law, after
9  all is not normally characterized by case-specific exceptions reflecting individualized
10 equities."  Id. at 352, 117 S.Ct. at 852.  Although Congress later amended § 6511 to provide
11 for tolling when parties had certain financial difficulties, Brockamp still instructs us that
12 equitable tolling is not appropriate in the context of tax refunds.  Moreover, the Federal
13 Circuit has held that § 6532 does not contain an implicit equitable exception.  RHI Holdings
14 Inc. v. United States, 142 F.3d 1459, 1461-62 (Fed. Cir. 1998); see also Estate of Orlando
15 v. United States, 95 Fed. Cl. 286, 291 (Fed. Cl. 2010) (holding that a letter denying appeal
16 fails to extend the statute of limitations under § 6532(a)(2) and refusing to grant an equitable
17 extension).  The absence of the May disallowance date in the IRS's transcript does not
18 provide good cause for ignoring the plain language of § 6532.

19 **ACCORDINGLY, IT IS ORDERED GRANTING** defendant's motion to dismiss
20 (docs. 13 and 14).  The clerk shall enter judgment.

21       DATED this 4th day of March, 2011.

22
23                 _____
                          Frederick J. Martone
24                           United States District Judge

25

26 ─────────────────────────

27     [2] We note that the Court in John R. Sand cited Dalm as an example of the more
special, jurisdictional statute of limitations because it limited the scope of a governmental
28 waiver of sovereign immunity.  See 552 U.S at 133, 128 S.Ct. at 753.